**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOYCE E. BERTSCH, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:24-cv-19 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| AUTO-OWNERS (MUTUAL) INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE**
**AND STAY DISCOVERY RELATIVE TO PLAINTIFF'S BAD FAITH CLAIM**
**(DOC. NO. 15)**

---

Pending before the Court is Defendant's Motion to Bifurcate and Stay Discovery Relative to Plaintiff's Bad Faith Claim ("Motion") (Doc. No. 15). In the Motion, Defendant Auto-Owners (Mutual) Insurance Company ("Defendant") seeks an order bifurcating Plaintiff Joyce Bertsch's ("Plaintiff") breach of contract claims, relating to an insurance claim for damage to the roof of her home, from her bad faith claims and punitive damages request into a second phase of trial. (Doc. No. 15 at PageID 160.) Defendant further seeks a stay of discovery on the bad faith claims until after a decision on Plaintiff's breach of contract claims. (*Id.*)

For the reasons explained below the Court **DENIES** the Motion.

**I.     BACKGROUND**

This case stems from an insurance dispute relating to a windstorm loss to Plaintiff's roof on April 1, 2023. (Doc. No. 9 at PageID 123.) Plaintiff's Second Amended Complaint ("Complaint") alleges Defendant breached the terms of the insurance contract by failing to adequately indemnify Plaintiff for the loss to her roof. (*Id.* at PageID 124.) The Complaint further

1

alleges Defendant breached its duty of good faith and fair dealing.  (*Id*. at PageID 125.)

Plaintiff filed her initial complaint in the Court of Common Pleas for Shelby County, Ohio, on November 20, 2023.  (Doc. No. 1-1 at PageID 6.)  Defendant was served on January 3, 2024 (*Id*. at PageID 5) and it removed the case to this Court on January 23, 2024 (Doc. No. 1 at PageID 1).  Defendant filed their answer on February 21, 2024 (Doc. No. 11) and the Court held a Preliminary Pretrial Conference setting the trial schedule on April 3, 2024 (Doc. No. 14).

Defendant filed the present Motion on May 3, 2024 (Doc. No. 15), Plaintiff filed her opposition on May 22, 2024 (Doc. No. 16), and Defendant filed its reply on June 5, 2024 (Doc. No. 17).  The Motion is fully briefed and ripe for review and decision.

## II.     DEFENDANT'S MOTION TO BIFURCATION

### A.  Standard for Bifurcation

As an initial matter, Defendant argues that bifurcation is warranted under Ohio Rev. Code § 2315.21(B)(1) and Fed. R. Civ. P. 42(b).  (Doc. No. 15 at PageID 162.)  Defendant contends that, as the Ohio Supreme Court has held that § 2315.21 creates a substantive right, bifurcation is mandatory in this instance.  (*Id*. at PageID 162-63.)  Plaintiff opposes this reading and argues that § 2315.21 is a procedural rule that does not displace the federal rules of procedure.  (Doc. No. 16 at PageID 173.)

Rule 42(b) provides:

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).  A district court may, within its sound discretion, bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to

2

expedition and economy." *Saxion v. Titan–C–Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir.1996) (citing Fed.R.Civ.P. 42(b)).

> To determine if bifurcation is appropriate, the court considers:
>
> (1) whether bifurcation would be conducive to expedition of litigation and to efficient judicial administration; (2) whether bifurcation would prejudice the parties; and (3) whether the issues sought to be tried separately are significantly different.

*Winter Enter., LLC v. West Bend Mut. Ins. Co.*, No. 1:17-cv-360, 2018 U.S. Dist. LEXIS 244771, at *3, 2018 WL 11358421, at *1 (S.D. Ohio Aug. 1, 2018) (citing *General Elec. Credit Union v. Nat'l Fire Ins. of Hartford*, No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085, at *6-7, 2009 WL 3210348, at *2 (S.D. Ohio Sept. 30, 2009)). "Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases." *Pryor v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-cv-312, 2017 U.S. Dist. LEXIS 9146, at *2, 2017 WL 354228, at *1 (S.D. Ohio Jan. 23, 2017) (citing *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2008 U.S. Dist. LEXIS 91496, at *5-6, 2008 WL 4823069, at *2 (S.D. Ohio Nov. 3, 2008)). The party seeking bifurcation bears the burden of proving that bifurcation is warranted. *4 West, LLC v. Auto-Owners (Mutual) Ins. Co.*, No. 3:20-cv-01, 2021 U.S. Dist. LEXIS 5339, at *4, 2021 WL 81748, at *2 (S.D. Ohio Jan. 11, 2021) (citing *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1, 2010 U.S. Dist. LEXIS 35230, at *3 (S.D. Ohio Mar. 16, 2010)).

As for § 2315.21, courts in this district, indeed in this seat, have addressed and rejected the contention put forth by Defendant. Indeed, in *4 West*, Defendant raised this same argument in the Dayton seat before Judge Walter Rice. *4 West, LLC*, 2021 U.S. Dist. LEXIS 5339, at *3, 2021 WL 81748, at *1. As the court in that case pointed out, "'[b]ifurcation is a procedural matter addressed by Fed. R. Civ. P. 42(b) and, thus, Rule 42(b) is the controlling authority for assessing

whether a federal court will grant a motion to bifurcate.'" *Id*. (quoting *Patel Family Trust v. AMCO Ins. Co.*, No. 2:11-cv-1003, 2012 U.S. Dist. LEXIS 97412, at *3, 2012 WL 2883726, at *1 (S.D. Ohio July 13, 2012)).  Indeed, multiple courts in this district have rejected the contention that § 2315.21 has any bearing on a federal court's procedural determination on bifurcation.  *4 West, LLC*, 2021 U.S. Dist. LEXIS 5339, at *3, 2021 WL 81748, at *1; *see also Winter Enter., LLC*, 2018 U.S. Dist. LEXIS 244771, at *4-5, 2018 WL 11358421, at *2 (collecting cases).

Therefore, the Court will proceed under Fed. R. Civ. P. 42(b).

**B.  <u>Analysis</u>**

Defendant makes two arguments as to why bifurcation is necessary in this instance.  First, it contends that any evidence of bad faith introduced at trial would be unfairly prejudicial.  (Doc. No. 15 at PageID 163.)  Second, Defendant argues that the bad faith claim would be moot if she fails on her breach of contract claim.  (*Id*.)  In response, Plaintiff argues that Defendant has failed to, "assert facts that substantiate actual prejudice…."  (Doc. No. 16 at PageID 181.)

Defendant first argues that the introduction of any bad faith evidence at trial would be unfairly prejudicial.  (Doc. No. 15 at PageID 163.)  Defendant points to two potential areas of prejudice.  Initially, Defendant points to the unfair prejudice and potential that the jury will be confused or mislead by the bad faith evidence at trial.  (*Id*.)  Defendant next points to the fact it will have to expend resources defending against both the bad faith claim and the contractual claim. (Doc. No. 17 at PageID 191.)

Neither argument is persuasive.  Foremost is Defendant's failure to explain how or why the bad faith evidence it would anticipate being used at trial would be so prejudicial as to warrant such an extreme measure.  Nor does Defendant explain why any potential prejudice could not be

4

resolved by limiting instructions, jury instructions, or other safeguards. Defendant simply states that it would be prejudiced in this case. This is simply insufficient to carry Defendant's burden.

Defendant's also contends that the bad faith claim might be mooted if Plaintiff's breach of contract claim fails. (Doc. No. 15 at PageID 163.) However, the mere possibility that the breach of contract claim may ultimately preclude a bad faith claim sufficient grounds to warrant bifurcation. *See Gen. Elec. Credit Co. v. Nat'l Fire Ins. of Hartford*, No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085, 2009 WL 3210348, at *4 (S.D. Ohio Sept. 30, 2009); *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 U.S. Dist. LEXIS 79643, at *13, 2010 WL 2788676, at *5 (S.D. Ohio July 14, 2010); *4 West, LLC*, 2021 U.S. Dist. LEXIS 5339, at *4-5, 2021 WL 81748, at *2.

Therefore, the Court is not satisfied that a bifurcation and stay would be efficient or necessary to prevent prejudice to Defendant.[1] Moreover, as the Court will not bifurcate this matter, it would similarly be unnecessary to stay discovery of the bad faith claims. Any arguments Defendant may have as to attorney-client privilege are best resolved in the course of discovery.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Bifurcate and Stay Discovery Relative to Plaintiff's Bad Faith Claim (Doc. No. 15).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, June 25, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court will not address the interrelated nature of the claims. Defendant does not address this portion of the analysis, nor can there be a reasonable argument that the claims are not interrelated.